*Watts & Lobdell* for the plaintiffs,

⌐‿‿‿ for the defendant.

---

*BERNARDINE* vs. *L'ESPINASSE.*

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The plaintiff claims her freedom from the defendant, who asserts title to her in virtue of a purchase from the heirs of Galez, whom he has cited in warranty. They appeared, and pleaded that the plaintiff was their slave.

The facts of the cnse as they appear in evidence are as follows. The plaintiff was born in the year 1781, in St. Domingo, the slave of a family called Galez. She fell by partition, or otherwise, to one of the daughters, who intermarried with a certain Antoine Goyffon.— At the period the negroes revolted in that Island, Goyffon and his wife fled. The plaintiff, whose attachment to them appears to have been great, swam after them and got on board the vessel in which they were escaping. She accompanied them to the Island of Cuba, and served them as a slave until the year 1809.—

Whether an executor can do any act to defeat the duties imposed on him by the will—*quere.*

Collateral heirs setting up a claim to a succession, must shew that the relations in the ascending line have ceased to exist.

A party who is neither appellant, or appellee, cannot have a judgment amended in his favor.

When forced to leave that country, she again
followed them and came to Louisiana. Short-
ly after their arrival here, her mistress died
without making a will, but recommending to
her husband, not to forget the attachment and
long and faithful services of the plaintiff, and
requested him to set her free. The husband
survived the wife several years. Some time
before his decease, he made his testament, in
which he gave the plaintiff and her two chil-
dren their freedom, and appointed the defend-
ant his executor and residuary legatee.

The defendant accepted the trust. He ap-
plied to the court of probates to be confirmed
in the appointment—he was confirmed in it;
and he took an oath that he would well and
faithfully perform the duties of the office.

However he may have discharged part of
those duties, he neglected to perform that
which was imposed on him in relation to the
plaintiff. When requested to comply with it
by persons taking an interest in her situation,
he promised he would, but evaded an immedi-
ate compliance, on the ground that it was ne-
cessary the plaintiff should work for some time,
before he could set her free, in order that she
might reimburse him for monies he had ad-

Eastern Dist.
June, 18:7.

BERNARDINE
vs.
LESPINASSE &
AL,

vanced to her. After retaining her several years in this situation, he finally refused to liberate her, and set up a title in himself, in virtue of a purchase he had made since he was appointed executor, from persons styling themselves heirs of the wife of Goyffon.

Whether an executor, or any other agent, can enter into contracts to defeat the discharge of the trust which he has undertaken for his principal, is a grave question, on which we do not now find it necessary to express an opinion. The defendant has called the heirs from whom he bought in warranty, and has thrown on them the burthen of proving a title to the plaintiff. They have alleged, and proved, that they are the collateral heirs of Jeanne Augustine Galez, wife of Goyffon, but this is not sufficient to prove their right to her. It is a well established rule of evidence, that where collateral relations set up a claim to the property of an inheritance, they must shew that the relations in the ascending line have ceased to exist. Upon this principle, the collateral heir was defeated in the case of *Hooter's heirs,* vs. *Tippett,* and we refer to the decision there, as containing the reasons on which this doctrine is founded. 12 *Martin,* 392.

No such proof has been administered here,
and as the heirs cited in warranty have failed
in shewing a right in themselves, they of course
have failed in shewing they transmitted
any to the defendant Lespinasse, and he stands
before the court without any legal defence to
the plaintiffs' demand.

If the case presented strong equitable claims
on the part of the defendant, and the warrant-
ors, we might, under the powers given to this
court, to remand whenever *justice* requires it,
send the cause back for proof of heirship.—
But the view we have taken of the case, has
brought us to the conclusion, that the justice
and equity of it are most emphatically with the
plaintiff: and with this conviction, we cannot
aid the defendant in making out a harsh de-
mand, which has no foundation but in the strict
rules of law.

He has complained, that the judgment of
the court below is erroneous in not giving him
judgment against the heirs of Galez. Per-
haps it is so, but we cannot go into that enqui-
ry, as the cause now stands before us; for it is
on the appeal of those heirs that the case has
been brought before this tribunal. And though
he has been heard in defence of his title, as

BERNARDINE
*vs*
LESPINASSE &
AL.

making a part of the appellant's case, the judgment cannot be amended in his favor, for he is neither appellant, nor appellee.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Seghers* for the plaintiff, *Nixon* for the defendant.