## JOSEPH L. MILLER et al. *v.* J. C. McELWEE and WARRANTORS.

The plaintiffs in a petitory action claimed to have derived their title by inheritance from their grandmother, who they alleged inherited the property from her husband, *Thomas Bally,* who died intestate. The instructions to the jury were : " *That it was sufficient for the plaintiffs, in default of affirmative proof, showing that Thomas Bally died without leaving any ascendants, to show that one hundred years had elapsed between the birth of the nearest ascendant of said Thomas Bally and the institution of this suit. That in order to ascertain whether one hundred years had elapsed from the birth of such ascendant to the time of the institution of this suit, it was sufficient for the jury to take into consideration the age of the witness, the length of time since the death of Thomas Bally, his age when he died, and the age that his father must necessarily have been at the time of the birth of Thomas Bally, and that no direct proof of the time of the birth of the father or other ascendant of Thomas Bally was required.*"

It was *held* that the charge was substantially correct. It suffices to deny that there are heirs in the descending line, and this being a negative, no proof need be given of it. But collaterals must always prove the death of ascendants by evidence, or show that one hundred years had elapsed since the death, in which case death is presumed, and not before.

It was also *held* that the lapse of one hundred years from the birth of *Thomas Bally's* ascendants to the date of the institution of the suit, was sufficient presumptive evidence to establish that they were not in existence at the death of *Thomas Bally,* controversy being one between the heirs of *Thomas Bally's* wife and the defendant claiming without any title whatever.

APPEAL from the District Court of West Feliciana, *Ratliff,* J. Tried by a Jury. *H. C. Hudson,* for plaintiffs. *Mc Vea* and *Brewer & Collins,* for defendants and appellants.

COLE, J. This is a petitory action. The plaintiffs claim to be owners of a tract of land in the possession of the defendant.

The answer is a general denial and a call in warranty. The prescription of one, three, ten, twenty and thirty years is also pleaded.

The case was submitted to a jury, who rendered a verdict for the plaintiff, and from a judgment thereon defendant appealed.

Defendant seems to rely on the inability of plaintiff to make out a title, rather than on any one in himself.

The plaintiffs claim to have derived their title by inheritance from their grandmother, who was the wife of *Thomas Bally,* who, they allege, derived · title by inheritance from her said husband, who died intestate.

The land claimed by plaintiffs appears to be in the "Thomas Bally claim," and is not embraced in the titles of defendant.

There were conflicts between the Bally claim and other claims contiguous to it. These have been adjusted by the Register and Receiver of the Greensburg Land District, sitting as a Board of Commissioners.

The title to the land covered by the "Bally claim" for 640 acres, was in the government of the United States, until confirmed by the Act of Congress of August 6th, 1846.

The survey of these claims, and the settlement of the conflict of boundaries,

were under the exclusive control of the officers of the general government. The survey which they have made and the shape which they have given to the Bally claim are conclusive upon the parties.

As the land claimed by plaintiffs is in the Bally claim, if then they can establish their title by inheritance from *Thomas Bally* they are entitled to recover, unless the plea of prescription can prevail.

The validity of plaintiffs' title depends principally on the solution of a question set forth in a bill of exceptions of defendant to the ruling of the lower court, which is as follows :

"Be it remembered, that on the trial of this cause the counsel for the defendant moved the court to charge the jury as follows :

"If you find that there is no evidence to show that *Thomas Bally* left no ascendants, and no proof that one hundred years have elapsed between the date of the birth of the nearest ascendant and the time of the death of said *Thomas Bally*, then and in that case you should bring in a verdict against the plaintiffs.

"That the plaintiffs claiming to have derived title by inheritance from their grandmother, who was the wife of *Thomas Bally*, and claiming that she derived title by inheritance from her said husband, who died intestate, the burden of proof was on the plaintiffs to show that *Thomas Bally* died without leaving any ascendants, or to show that one hundred years had elapsed between the birth of said ascendants and the death of said *Thomas Bally*."

Which the court refused, and proceeded to charge the jury : "That it was sufficient for the plaintiffs, in default of affirmative proof, showing that *Thomas Bally* died without leaving any ascendants, to show that one hundred years had elapsed between the birth of the nearest ascendant of said *Thomas Bally* and the institution of this suit. That in order to ascertain whether one hundred years had elapsed from the birth of such ascendant to the time of the institution of this suit, it was sufficient for the jury to take into consideration the age of the witnesses, the length of time since the death of *Thomas Bally*, his age when he died, and the age that his father must necessarily have been at the time of the birth of *Thomas Bally*, and that no direct proof of the time of the birth of the father or other ascendant of *Thomas Bally* was required."

We are of opinion that the ruling of the Judge *a quo* was substantially correct.

The doctrine of this court, as established in several cases, is that "it suffices to deny that there are heirs in the descending line; and this being a negative fact, no proof need be given of it. It is for the adverse party to show that there were some, and then their death must be proved by the claimants. But collaterals must always prove the death of ascendants by evidence, or show that one hundred years elapsed since the birth; in which case death is presumed, and not before." Vide C. C. 71, 77; *Bernardine* v. *L'Espinasse*, 5 N. S. 715.

In this case, as plaintiffs claim this land by inheritance from their grandmother, who was the wife of *Thomas Bally*, and who, they allege, derived title by inheritance from her said husband, who died intestate, it is incumbent on them to establish that their grandmother had a title to this land. If she was suing for it, she would be obliged to show not only the death of her husband, but also of his ascendants; plaintiffs claiming under her must make the same proof, and also establish her death.

The death of ascendants may not only be proved by direct testimony, but also by showing that one hundred years have elapsed since their birth. 5 N. S. 715.

Plaintiffs had then the right to show the length of time since the death of *Thomas Bally*, his age when he died, and the age that his father must necessarily have had at the time of the birth of *Thomas Bally*, and thus establish whether or not a hundred years had elapsed since the birth of the first one in the ascending line from *Thomas Bally*.

Defendant urges that if a hundred years had not elapsed at the time of the death of *Thomas Bally*, then that the grandmother of plaintiffs could not have inherited, for if, at the time of *Bally's* death, his ancestor was living, then such ancestor was called to the inheritance to the exclusion of the wife.

They further declare that plaintiff must either show affirmatively that at the time of the death of *Bally* his ascendants were not living, or that at the time of his death a sufficient length of time had elapsed from the birth of the ascendant to raise the presumption of death, for if his ascendants were living at the period of his decease, they would inherit to the exclusion of the wife, and if she was not the heir at the time of her husband's death, she could not become the heir by the length of time that had elapsed between the date of his death and the institution of this suit, or by any other matter subsequent to the opening of the succession.

We cannot coincide entirely with the argument of defendant. It is clear if an ascendant of *Bally* was living at the time of his death, his wife could never inherit. But we are of opinion if a hundred years had elapsed between the birth of the ascendant of *Bally* and the time when the heirs of his wife claim his estate, that this is sufficient, for it is presumptive evidence that no ascendant of *Bally* was living at the time of his death, else this ascendant would have claimed the estate.

Defendant wishes to keep possession of property for which he has no title, by forcing plaintiff to prove that at the time of *Bally's* death his ascendants were not living. We think that the lapse of one hundred years from the birth of his ascendants to the institution of this suit ought to be sufficient presumptive evidence to establish they were not in existence at his death, when the controversy is between the heirs of his wife and one claiming the property without any title whatever, for if such ascendants had been in existence, it is reasonable to suppose they would already have claimed it.

We are of opinion that plaintiffs have established *prima facie* a right to inherit from *Bally* through their father and grandmother, and that their *prima facie* title, accompanied with the fact that their grandmother lived upon the land until she removed from the State, must prevail against defendant, who has no title whatever.

The plea of prescription cannot prevail, as no possession sufficient to be the basis of prescription is shown.

The defendants have no claim against those called in warranty: the land sold by them is not the same that is claimed by plaintiffs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.