## D. B. SAMFORD, Adm'r, v. A. R. TOADVINE, Ex'r, et al.

Where it is shown that a person claiming an estate is the legal heir of its deceased proprietor, in the absence of proof that there are other heirs, he will be considered the *sole* heir.

The transfer of the effects of a succession to the widow in community, in usufruct, made by the legal heir, is an act of heirship which vests the whole succession unconditionally in such heir; it is an acceptance of the succession purely and simply.

Under such circumstances, the property is vested in the heir, and not in the succession, and the administrator cannot disturb the heir, or those holding under him, in their possession.

APPEAL from the District Court of the Parish of East Feliciana, *Haralson*, J. *D. B. Samford*, in pro. per., plaintiff and appellant. *Muse & Hardee* and *Fuqua & Kilbourne*, for defendants.

MERRICK, C. J. The plaintiff sues in the capacity of administrator of the succession of *John Crocker*, who died in 1825. He represents that *Jane Crocker* (the widow,) afterwards *Jane Muse*, was appointed curatrix of his estate, and qualified as such September 14, 1825; that said *John Crocker* left property inventoried and described in the petition, amounting to $4,796 52½; "that on the 19th day of January, 1826, *Samuel Shaw Crocker*, the son and heir of said *John Crocker*, deceased, by authentic act passed before, *Thos. W. Scott*, Parish Judge, transferred to the said *Jane Crocker* the usufruct of all the property above mentioned, and estimated in the said inventory of the estate of *John Crocker* during her natural life, and that said *Jane Crocker*, accepting said transfer, took possession of all of said property as usufructuary thereof, and enjoyed the same to her own use and benefit, under the stipulations and conditions contained in said act of transfer, until the time of her death, when said usufruct terminated."

Petitioner further represents, that said *Jane Muse*, by her last will and testament made 24th of August, 1858, (the year of her death), has attempted to dispose of the property settled in usufruct; avers that he is entitled to recover the property so settled in usufruct, or its value; and prays for judgment accordingly.

The petition does not allege that there are any debts to be paid, neither does it disclose when petitioner was appointed administrator; but his brief leaves it to be inferred that he was appointed after *Mrs. Muse's* death.

The defendants except, on the ground that the plaintiff's petition discloses no cause of action, inasmuch as it shows that the succession was accepted purely and simply by the heir, and the property taken possession of by him.

The exception having been maintained, plaintiff appeals.

The son and heir mentioned in the petition must, in the absence of any allegation or proof to the contrary, be considered the only heir.

The law presumes that every person has ascendants, but not that he has descendants.

The existence of one descendant being shown, does not raise the presumption of others. When, therefore, the plaintiff avers *Samuel Shaw Crocker* to be the heir of *John Crocker*, deceased, it must be intended as sole heir. 6 La. 406.

The transfer of the effects of the succession to *Jane Crocker* in usufruct, with a release of her rights, on her part, was an act of heirship, and vested the whole succession unconditionally in the heir. No one but the owner can establish an

usufruct upon property; hence, the act passed before *Judge Scott*, supposes, necessarily, the acceptance of the succession. O. C. 988, 996, 997, 1009, 525, 594 and 600 ; 9 An. 517.

Having accepted the succession purely and simply, the effects became absolutely those of *Samuel Shaw Crocker*, the sole heir. They no longer belonged to the *Succession of John Crocker*, deceased. The usufructuary and his heirs and legatees may be responsible to *Samuel Shaw Crocker*, but they are not bound to the *Succession of John Crocker*, deceased.

Now, the question presented by the pleadings, is one of ownership and title between these parties. Plaintiff must recover, if at all, because the effects still belong to the *Succession of John Crocker*, deceased. The defendants may set up the outstanding title and thirty-three years possession of *Samuel Shaw Crocker*, and those claiming under him. It seems to us quite clear on principle, that the administrator cannot, under such circumstances, disturb the heir and those holding under him in their possession of the property. Whether an administrator subsequently appointed might or might not apply to the Probate Court for the sale of property in the possession of the unconditional heir to pay debts, is a question which this record does not present.

It is argued by plaintiff, that it is not pretended that the estate of *John Crocker* was ever settled up, and that *Mrs. Crocker* continued curatrix thereof until her death, and that not having been dispossessed, she continued to hold the same for the succession, and that in the act passed, she bound herself to pay the debts, and stipulated that at her death the estate should descend to the lawful heirs of her deceased husband.

This argument is inconsistent with the allegations in plaintiff's petition. *Samuel Shaw Crocker* could not have established the usufruct without accepting the succession, purely and simply. *Mrs. Crocker* could not bind herself, as usufructuary, without surrendering the effects of the succession to the heir, and receiving them from him under the conditions of the usufruct, and this the plaintiff has in substance alleged. Her obligations were no longer towards the succession, but towards the heir with whom she had contracted.

We think this disposes of all the questions considered in the elaborate argument of the plaintiff

Judgment affirmed,