(58 South. 517.)

No. 18,899.

DE GENTILE et al. v. WHITE CASTLE LUMBER & SHINGLE CO., Limited.

(April 22, 1912.)

*(Syllabus by the Court.)*

1. EVIDENCE (§ 383*) — DOCUMENTARY EVIDENCE—ANCIENT DOCUMENTS.

A succession record of ancient date, made and filed more than 40 years ago by the widow of the deceased and mother of their minor children, will be given full force and effect, in the absence of proof of error or fraud.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1660–1677; Dec. Dig. § 383.*]

2. PRINCIPAL AND AGENT (§ 103*) — AUTHORITY OF AGENT—CONSTRUCTION OF CONTRACT.

Where an agent, under powers of attorney from the widow and four of seven heirs, sells real estate belonging to the heirs above mentioned in the act of sale, he did not sell the interests therein of those whom he did not represent or mention.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. § 103.*]

130 LA.—23

3. PARTITION (§ 65*)—ACTIONS FOR PARTITION —RIGHTS OF PARTIES.

Where two persons, representing themselves as the heirs of a deceased father, and claim to own certain property in indivision with a defendant, and ask for a partition of the same, the latter has an interest in their identification with two of the children named in the mortuary proceedings of the father.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 188; Dec. Dig. § 65.*]

4. DESCENT AND DISTRIBUTION (§ 71*)—EVIDENCE—BURDEN OF PROOF—SUCCESSIONS.

Collateral relations are not required to prove that their kindred died intestate, unmarried, and without issue, unless evidence is offered to the contrary. Hooter's Heirs v. Tippet, 12 Mart. (O. S.) 390; Bernardine v. L. Espinasse, 6 Mart. (N. S.) 94; Miller et al. v. McElwee, 12 La. Ann. 476.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 229–236; Dec. Dig. § 71.*]

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Paul Leche, Judge.

Action by Odette de Gentile and others against the White Castle Lumber & Shingle Company, Limited. From a judgment for plaintiffs, defendant appeals. Affirmed.

Borron & Wilbert, for appellant. Rixford J. Lincoln, Oscar Schreiber, Philip H. Gilbert, and Andre Lafargue (Guion & Talbot, of counsel), for appellees.

SOMMERVILLE, J. Odette de Gentile, Sister of Religion, residing in the republic of France, and Mrs. Louise de Gentile, widow of Arthemise Fortier, a resident of Trinidad, Port of Spain, allege that they are owners in indivision of two-twelfths of certain property situated in Assumption parish, and that the defendant is the owner of the balance of the land. They ask for a partition of the same by licitation.

Defendant answers, denying plaintiffs' title, and setting up title in itself to the whole property.

All parties claim from a common author, Alphonse de Gentile, who died in Assumption parish in 1868. He acquired the prop-

erty in question during the community existing between himself and his wife, Mrs. Hilaria Agnes Louit.

The plaintiffs claim as the heirs of their father, Alphonse de Gentile. The defendant claims under title from the widow and the heirs of Alphonse de Gentile. There was judgment in favor of the plaintiffs, and defendant has appealed.

The record in the succession of Alphonse de Gentile shows that at the time of his death he left a widow and seven children, whose names are given in those proceedings. The names of the two plaintiffs are there found among the other heirs of said de Gentile.

[2] The title deed offered in evidence by the defendant company shows that the vendors in it were represented by Mr. Taylor Himel of the parish of Assumption, who acted under two powers of attorney, one from Mrs. Alphonse de Gentile, the widow, and the other from four heirs, viz., George, Annais, Raoul, and Alice de Gentile. In the power of attorney issued by Mrs. de Gentile, she authorizes her agent to sell or lease "my real estate or landed property situated at Pierre Part, parish of Assumption, in the state of Louisiana, United States of America." In the power of attorney from George, Annais, Raoul, and Alice de Gentile they authorize their agent "to sell or lease any real estate or landed property situated at Pierre Part, parish of Assumption, state of Louisiana, United States of America." In the act of sale Mr. Himel states that the property was sold "as per powers of attorney hereto attached," and with "subrogation to all the rights of property, of ownership, of warranty, of action in warranty, and all others of said de Gentile heirs above mentioned." He had no authority to represent the three other heirs, and he did not attempt to do so. The language used in the powers of attorney, which are referred to in the act of sale, as well as the language used by Mr. Himel in that act, sufficiently warned defendant that there might be other heirs not represented by Mr. Himel. The succession record of Alphonse de Gentile would have given defendant information as to the heirs of said de Gentile, who were interested in the title to the property.

[4] We understand defendant's position in this court to be confined to two points: First, that these plaintiffs have not sufficiently identified themselves as the heirs of Alphonse de Gentile; and, secondly, that they have not made all parties necessary in a partition suit defendants in the cause, inasmuch as there is or was another heir, Alphonse, whose name appears in the mortuary proceedings, and who does not appear to have alienated his interest in the property. The evidence shows that Alphonse died in Panama in 1884, at the age of 23 years. That being the case his interest in the property was inherited by his mother, and brothers and sisters; consequently, all parties are now before the court. But defendants urged, further, that there is no evidence going to show that said Alphonse died intestate and without issue. These conditions are negative, and plaintiffs could not be called upon to prove them, unless defendant had offered evidence going to show that Alphonse had died testate, or that he was married at the time of his death and left issue. Where there is no proof of marriage, there can be no presumption of heirship. The rule is different with reference to ascendants. We might presume that a child at his death left a father, a mother, or other ascendants. Every child is known to have had a parent at some time. In the case of Hooter's Heirs v Tippet, 12 Mart. (O. S.) 390, we held that collateral kindred have only to establish the death of ascendants, and that there is no burden resting upon them to show that the collateral rela-

tives died without issue. We held to the same effect in Bernardine v. L'Espinasse, 6 Mart. (N. S.) 94. See, also, Miller et al. v. McElwee, 12 La. Ann. 476.

[1] Defendant next urges that plaintiffs have failed to identify themselves as the children of Alphonse de Gentile and his wife. We agree with the district judge that plaintiffs have fully identified themselves. They are both witnesses in their own behalf; and they testify to acts and incidents in their life which, in the nature of things, could have only been known to themselves and to the other members of their family. In the petition, filed by their mother in the succession of their father, she distinctly names them as her legitimate issue, together with five other children, of her marriage with the deceased, Alphonse de Gentile. This allegation must have been supported by her affidavit, as the record contains an order for a letter of tutrixship to be issued to her. It is also sworn to in the affidavit of the undertutor, Ludovic Gentile, who has the same family name, and who may have been a relative of the family. He doubtless knew all the members of the family, and knew that the plaintiffs named were heirs of the deceased, Alphonse de Gentile. He swore to their identity and to their legitimacy. This record was made in 1868, at the time of the death of Alphonse de Gentile. It is now more than 40 years old, and it was made at a time not suspicious, and by persons who could have been interested only in giving facts as to family relations, and without apparent advantage to any one. It is a probate proceeding, and, although there was no judgment rendered recognizing the widow and heirs, it is binding upon all parties in the absence of proof of error or fraud.

[3] Defendant had an interest in having plaintiffs identified as the heirs of Alphonse de Gentile, and as the owners in indivision with itself in this property. It may well be that defendant would be called upon hereafter by the true heirs, if any existed, for another partition of the property with them as the true owners. It is also interested in the proof of the death of Alphonse de Gentile, who is said to have died in Panama August 21, 1884. Plaintiffs testified to the death of their brother, Alphonse. If he is not dead, the defendant, as cowarrantor of the title at the partition sale, may be called upon hereafter to deliver to him his portion of the land inherited by him from his father, or defend another partition suit with him as plaintiff. The death of Alphonse de Gentile has been sufficiently proved. It occurred more than 25 years since. His mother, his brothers and sisters were the heirs of the said Alphonse de Gentile, and they inherited from him before defendant acquired title from Mrs. de Gentile and four of her children June 8, 1895. The other heirs of Alphonse de Gentile having sold all of their interest in and to the property to the defendant constitutes the said defendant the owner of five-sixths of the property, as alleged in plaintiffs' petition.

There is no error in the judgment appealed from; and it is affirmed.