GLADNEY, Judge.
At the conclusion of the administration of the estate of Millie Smith Chism, who died intestate in Shreveport on August 10, 1963, the Administratrix, Sammie V. Harbor, deposited the residue of the estate amounting to $3,003.44 in the registry of the court and asked that an attorney be appointed to represent any absent heirs of the deceased. After a contradictory hearing between the attorney for absent heirs and Matilda Coleman, who prayed to be recognized as the sole heir of the decedent Millie Smith Chism, a judgment was rendered rejecting the claim of Matilda Coleman as of nonsuit. She has appealed.
The evidence established that Millie Smith Chism was a daughter of Ashby Long and Mary Long, nee Allen; that also born of that marriage were Lena and Mattie Long, both of whom predeceased Millie Long (Millie Smith Chism) and died without issue; that Ashby Long and Mary Long were divorced by judgment rendered by the District Court of Caddo Parish, March 26, 1892; and that during December, 1904, Annette Daugherty Long petitioned the District Court of Caddo Parish for a divorce from Ashby Long but the records fail to disclose the rendition of any final judgment. The evidence establishes the relationship of Matilda Coleman to the decedent as that of a second cousin.
The possible existence of other heirs was brought to the attention of the Court by Sammie V. Harbor, the Administratrix, who alleged that years ago she was told of the existence of Ashby Long, Jr. and Marietta Long, a half-brother and a half-sister of the deceased who were thought to be living in California. The attorney for absent heirs testified he diligently tried to locate Ashby and Marietta Long without avail and that the “last known of Ashby Long was around the 1900’s, and it was suspected that he moved to California, but it wasn’t known where.” He further testified he could find no record of the death of these parties, and with respect to Annette Daugherty, another “suspected” heir, he was informed by those living in the vicinity of her last known address she was last heard of in the early 1900’s. He finished his testimony by stating that “although it is not conclusive that all heirs except Matilda Coleman are dead, we are unable to find any trace of other heirs.”
Millie Smith Chism and Matilda Coleman were both born in 1880. It appears from *105 the record that any present existence of Ashby Long, Jr. and Marietta Long is most doubtful. There appears to he no feasible way of finding out whether Ashby and Marietta Long were born of a legitimate marriage. The records of Caddo Parish failed to disclose a dissolution of the marriage of Ashby Long and Annette Daugherty. Ashby and Marietta Long were born subsequent to the marriage of Ashby Long, their father, with Annette Daugherty. Witnesses testified they understood the mother of these children was Ada Woodward.
Thus the only evidence as to the existence of the heirs other than Matilda Coleman is of little probative worth and the location or existence of other heirs is most improbable by reason of the lapse of so many years without advice concerning them. To require proof of the nonexistence of any other heirs under such circumstances places an impossible task upon Matilda Coleman whose relationship to the deceased is well established.
We infer the tidal court held that it was incumbent upon Matilda Coleman to establish to a certainty she is the sole heir of the decedent. Before this court counsel for Matilda Coleman argue that under the jurisprudence of this state a collateral heir does not have the obligation to negative the existence of all who might be entitled to take before him. In support of this postulation reference is had to 26A C.J.S. Descent and Distribution § 81a p. 718:
“Persons claiming the right to take an estate as heirs or distributees, or through others as such, have the burden of proving the facts necessary to sustain their right, including such facts as the death of the alleged intestate, the relationship to him of the alleged heirs or distributees, and that there are no other relatives entitled to take before them. Where claimant’s right to inherit depends on the death of persons who, if living, are the heirs of decedent, he has the burden of proving their death or of proving facts from which their death may be legally presumed. In Louisiana, however, the rule that claimant has the burden of proving the nonexistence of nearer relatives entitled to inherit is restricted to ascendants; the adverse party must first introduce evidence tending to show the existence of descendants and collaterals before claimant is put to proof of the negative fact of their nonexistence.” (Emphasis supplied.)
> The Louisiana ruling is predicated upon LSA-C.C. Art. 77 which provides:
“In case a succession shall be opened in favor of a person whose existence is not known, such inheritance shall devolve exclusively on those who would have had a concurrent right with him to the estate, or on those on whom the inheritance should have devolved if such person had not existed.”
The decision of the Supreme Court in De Gentile v. White Castle Lumber and Shingle Company, 130 La. 705, 58 So. 517 (1912) is apposite:
“* * * in ^he case of Hooter’s Heirs v. Tippet, 12 Mart. (O.S.) 390, we held that collateral kindred have only to establish the death of ascendants, and that there is no burden resting upon them to show that the collateral relatives died without issue. We held to the same effect in Bernardine v. L’Espinasse, 6 Mart. (N.S.) 94. See, also, Miller et al. v. McElwee, 12 La. Ann. 476.” [58 So. 517, 518]
Matilda Coleman should be permitted to recover the estate. She proved her relationship to the deceased. The record discloses after diligent search that there is only a remote possibility of the existence of other collateral heirs.
Accordingly, for the reasons hereinabove set forth, the judgment from which appealed is annulled, reversed and set aside and it is now ordered that there be judgment herein *106 in favor of Matilda Coleman recognizing her as the only heir at law of the decedent Millie Smith Chism and as such entitled to the fund now held in the registry of the court.
It is further ordered that the costs of this appeal be paid out of the funds deposited in the registry of the court.