AYRES, Judge.
This proceeding, initially instituted by Joe Wilson, surviving spouse of the decedent, Irma Turner Wilson, has for its= purpose a declaration that the last will and testament of the decedent is null and void with a revocation of the proceedings: admitting it to probate. The instrument, executed as a “statutory” will pursuant to the provisions of LSA-R.S. 9:2442, was attacked both as to its form and as to the capacity of the testatrix to make such a will.
Made defendants were Samuel Emanuel, executor of decedent’s estate who is also designated a beneficiary thereunder, as was Mary Stewart Emanuel, and Judge G. Claiborne who, in their answer, tendered an issue relating to the right or cause of Joe Wilson to attack the will inasmuch as he failed to establish that decedent left no collateral relations with a prior right to inherit in the absence of a will. After these proceedings were instituted Joe Wilson died. Harold Chappie, his executor, was substituted as a party plaintiff.
The attack upon the capacity of the testatrix to make the will, predicated upon her alleged inability to read and write, was overruled. The execution of the will, however, was found not to comply with the provisions of the statute as to form and hence was declared null and void. From a judgment in accordance with’ that conclusion and rescinding and re *778 calling the proceedings relating to the probate of the will, Samuel Emanuel perfected an appeal. Chappie, individually and as testamentary executor of the estate of Joe Wilson, also appealed from a prior judgment in this succession wherein Samuel Emanuel was confirmed as executor. Chap-pie also answered Emanuel’s appeal and prayed that Emanuel not only be removed as testamentary executor but that he be required to pay the costs of court.
The right of Joe Wilson and of his executor to attack decedent’s will is again urged before this court in an exception of no cause or right of action. This exception is, in our opinion, without merit. Wilson, as the surviving husband of the decedent, asserted in his petition his right to inherit from his wife. There it was alleged and established in the record that decedent left neither ascendants nor descendants. Wilson, moreover, alleged decedent left no surviving collateral relations. This allegation was denied by the proponents of her will. The record is deficient as to the proof of this fact.
While it may be presumed that one at his death left a father, a mother, or other ascendants, under the well-recognized fact that everyone must have had a parent at one time, the rule is that collateral kindred have only to establish the death of ascendants and there is no burden resting upon them to show that the collateral relatives died without issue. Thus, collateral relations are not required to prove that those from whom they inherit died intestate, unmarried, and without issue unless evidence is offered to the contrary. De Gentile v. White Castle Lumber & Shingle Co., 130 La. 705, 58 So. 517 (1912). Thus, a collateral claiming an estate need only deny that there are heirs in the descending line. No proof is required of the negative. His opponents must show there were such heirs and then the claimant must establish their death. Hooter’s Heirs v. Tippet, 12 Mart. (O.S.) 390 (1822); Owens v. Mitchell, 5 Mart. (N.S.) 667 (1827); Bernardine v. L’Espinasse, 6 Mart. (N.S.) 94 (1827). This is true notwithstanding the general rule that the burden is upon one claiming to be an heir of a decedent to prove that fact. However, as observed in Succession of White, 85 So.2d 528, 536 (La.App., Orl.1956-certiorari denied), the law is well-settled that where a person claiming an estate is the legal heir of its deceased proprietor, in the absence of proof there are other heirs, he will be considered as the sole and only heir. See also : Samford v. Toadvine, 15 La.Ann. 170 (1860); DeGentile v. White Castle Lumber & Shingle Co., supra.
We can conceive of no basis for not applying these rules in cases where a husband claims by inheritance the estate of his deceased spouse; otherwise he would be required to prove the non-existence of collateral relations, a negative fact, in the absence of a prima-facie showing of their existence.
The burden was upon the proponents of the will, in contesting the right of the husband to assert its invalidity, to, at least, establish prima facie the existence of collateral relations of the decedent. This burden has not been met.
The conclusion, therefore, is that Joe Wilson, during his lifetime and after his wife’s death, and, since his own death, his executor, has the right to assert the invalidity of decedent’s will.
The attack upon the capacity of the testatrix to make the will in the form used is directed to a charge that she could neither read nor write at the time the instrument was signed. As found by the trial court, the evidence was insufficient to support this charge. From our own review of the evidence, particularly the testimony of decedent’s attorney who acted as notary in the execution of the will, as well as that of the witnesses thereto and of numerous other persons who had known her for long intervals of time, the conclusion is inescapable that the testatrix could read and write at the time the will was executed.
*779 The remaining objection to the will is its alleged failure to comply with the requirements of the statute with respect to an attestation clause. The attestation clause serves, as was pointed out in Succession of Eck, 233 La. 764, 98 So.2d 181, 184 (1957), and in Succession of Michie, 183 So.2d 436, 438 (La.App., 2d Cir. 1966), to certify the facts and circumstances attending the execution of the will. In both of these cases it was held that the attestation clause is a mandatory requirement of the statute and that the signatures “must appear under the attestation clause.” Moreover, the statute LSA-R.S. 9:2442(1) provides that the will shall be signed by the testator in the presence of a notary public and two witnesses. Resort to the language of the will itself is necessary to determine compliance vel non with the aforesaid requirements.
The will, typed on two sheets of paper and signed by the testatrix on each sheet, omitting the provisions relative to the dispositions as immaterial to the issues with which we are now concerned, is in the following language:
“BEFORE ME, BILLYE L. ADAMS, Notary Public for the Parish of Ouachita, duly commissioned and qualified, and in the presence of MARY VIRGINIA RAWLS and MORRIS A. NORWOOD, JR., competent witnesses, residing in the Parish of Ouachita, State of Louisiana, personally came and appeared IRMA TURNER STEWART, a resident of the Parish of Ouachita, State of Louisiana, who declared to me, Notary, in the presence of the aforesaid and undersigned witnesses, and that she wished to make her last will and testament, and she, the said IRMA TURNER STEWART, Testatrix, declared the hereinafter expressed provisions to be her last will and testament, revoking all others, in words as follows, to-wit:
“I, IRMA TURNER STEWART, being of sound mind and knowing that life is precarious and wishing to make proper disposition of my property in case of my death, in the presence of the aforesaid Notary and witnesses, do declare this my last will and testament:
*‡‡**‡****‡
“I constitute and appoint SAMUEL EMANUEL, Executor of my Succession, with full seisin [sic] and dispense him from the obligation of giving bond.
“I declare this to be my last will and testament on this the 7th day of July, 1960.
“Irma Turner Stewart_
IRMA TURNER STEWART
“Signed (on each page) and declared by IRMA TURNER STEWART, in our presence to be the last will and testament and in the presence of the Testatrix, IRMA TURNER STEWART, and each other, we have hereunto subscribed our names on this the 7th day of July, 1960. “WITNESSES:
“Mary Virginia Rawls
“Morris A. Norwood, Jr.
“In testimony whereof, the said IRMA TURNER STEWART, Testatrix hereto, signs, together with me, the said Notary and the witnesses aforesaid on the 7th day of July, 1960.
“Billye L. Adams
NOTARY PUBLIC”
*780 A reading of this will discloses there is no attestation clause above the signature of the testatrix reciting the fact that she signed the will in the presence of the notary and the witnesses, a requirement of the statute, which fact “shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will.” (Emphasis supplied.) LSA-R.S. 9:2442(3). This is essential to the validity of the will and compliance cannot be shown dehors the instrument by parol testimony. Succession of Sparks, 12 Rob. 35 (1845); Succession of Michie, supra. It is only in strict compliance with these formalities prescribed by the statute that the testament may be recognized as legal, and the established order of succession may yield to the will of the testator. Le Blanc v. Baras’s Heirs, 16 La. 80, 83 (1840); Succession of Wilkin, 21 La. Ann. 115 (1869); Succession of Wilson, 177 La. 119, 148 So. 1 (1933).
For noncompliance with the mandatory requirements of the statute we are constrained to hold that the will is null and void.
The executor of the estate of Joe Wilson complains that Samuel Emanuel was not formally and explicitly removed as testamentary executor of the succession of Irma Turner Wilson and that Samuel Emanuel and Mary Stewart Emanuel should be cast with the costs. The decree that the will is null and void and that the proceedings are rescinded in effect, for all practical purposes, removes Samuel Emanuel as executor of the succession.
Reference to the judgment discloses defendants were condemned to pay costs. There is no need for amendment of the judgment in that respect.
For the reasons assigned, the judgment appealed is affirmed. Appellant Samuel Emanuel is assessed with the costs of this appeal.
Affirmed.
GLADNEY, J., dissents from refusal to grant rehearing.