MOISE, Justice.
 

 This is an appeal from the trial court’s judgment on rehearing upholding the validity of the last will and testament of Mrs. Sophie Jones Arnouil Eck, who died on December 19, 1956.
 

 The deceased executed a nuncupative will by public act on January 11, 1951. On the day of her death, December 19, 1956, she ■executed the following will under the provisions of Act 66 of 1952, LSA-R.S. 9 :- 2442 et seq.:
 

 “New Orleans, La.
 

 December 19, 1956
 

 “I, Mrs. Sophie Jones Arnouil Eck, being ■of sound mind make this my last will and testament, hereby revoking all wills or codicils heretofore made by me.
 

 “Upon my death I leave everything I •own to George T. Micas (Theo), my nephew.
 

 “I name Robert J. Oster as Attorney to handle all legal matters in connection with my estate.
 

 “Signed and declared by the testator to be her will and in the presence of each other the testator, notary and witnesses signed their names.
 

 “/s/ S. Arnouil Eck
 

 “Signed and declared by the testator above named Mrs. Sophie Jones Arnouil Eck, in our presence to be her last will and testament, and in the presence of the testator and each other we have hereunto signed and subscribed our names on this 19th day of December, 1956.
 

 “Witnesses:
 

 /s/ L. M. Jansen — -Nurse
 

 /s/ Mamie E. Micas /s/ Robert J. Oster
 

 ÑP77
 

 After Mrs. Eck’s death, her nephew, George T. Micas, petitioned the Civil District Court for the Parish of Orleans for probate of her will of December 19, 1956 and administration of her estate. The inventory of the succession showed a value of $33,301.58.
 

 Following the probate of the will and the taking of the inventory, decedent’s niece, Laura J. Whittaker, wife of Albert Dietzman, filed an opposition to the probate of the will asking that it be recalled and rescinded because of non-compliance with Act 66 of 1952, LSA-R.S. 9:2442 et seq. and because of the incompetency of one of the witnesses. She prayed for probate of the nuncupative will of January 11, 1951, in which she was named the executrix and bequeathed three-fourths of all the property of which the deceased died possessed.
 

 
 *769
 
 In reasons for judgment, the trial judge held that the will of 1956, supra, failed to comply with the mandatory provisions of the statute and was invalid under Succession of Pope, 230 La. 1049, 89 So.2d 894. He set aside the probate but did not sign his judgment. A rehearing was granted, and the trial court reversed itself for reasons we will later set forth.
 

 On appeal, it is urged' by appellant, Mrs. Dietzman, that:
 

 1. “The lower court was in error in holding that the document dated December 19, 1956 was executed in accordance with the provisions of R.S. 9:2442.
 

 2. “The lower court was in error in holding that the spouse of the legatee is a competent witness to a will executed under the provisions of R.S. 9 :- 2442.”
 

 Act 66 of 1952, LSA-R.S. 9:2442 et seq., - provides:
 

 “In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:
 

 “(1) Testator. In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign each separate sheet of the instrument.
 

 “(2) Notary Public and witnesses. The notary and both witnesses must sign at the end of the will.
 

 “(a) In the presence of the testator, and
 

 “(b) In the presence of each other.
 

 “(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. „Such declaration may be in the following form or a form substantially similar thereto:
 

 “(a) Signed (on each page) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this - day of-19 — .”
 

 It is contended by appellant that the will of 1956, supra, is null and void for the reason that the notary and witnesses did not sign along with the testator the following statement:
 

 “Signed and declared by the testator to be her will and in the presence of each other the testator, notary and witnesses signed their names.”
 

 It is further argued that the above declaration does not state that the testator declared in the presence of the notary and
 
 *771
 
 the witnesses that it was her last will, and that the absence of this essential declaration is sufficient to nullify the will.
 

 It is also contended by appellant that the final declaration—
 

 “Signed and declared by the testator above named * * * in our presence to be her last will and testament, and in the presence of the testator and each other we have hereunto signed and subscribed our names * * * ”
 

 was not signed or subscribed by the testator, and that the face of the document shows that testimony would be required to show that the dispositive portions of the will, together with both superscriptions, were executed and, particularly, signed at one and the same time so as to fulfill the requirements of the statute.
 

 Still another ground alleged for the invalidity of the will is the fact that the signature of the testator does not appear at the literal or physical end of the will.
 

 The trial judge properly interpreted LSA-R.S. 9:2442 et seq. We believe that his reasons for judgment after rehearing, which we quote below, ably answer appellant’s contentions.
 

 “The will under attack reveals that immediately at the end of the will proper or the dispositive portion, appears the attestation clause; then the signature of the testator. Following the signature of the testator -is another attestation clause, under which appears the signature of the witnesses and notary only. The testator did not sign again. The second attestation clause, following the signature of the testator, is substantially the same as the first attestation clause, except that the second attestation clause contains the date, to-wit, December 19, 1956.
 

 “R.S. 9:2442 provides that the notary and witnesses must sign at the end of the will in the presence of the testator, and in the presence of each other; that the foregoing facts shall be evidenced in writing
 
 above
 
 the signatures of the notary and witnesses
 
 and the testator
 
 at the end of the will, and such declaration may be in substantially the form recited in the statute.
 

 “The only question presented is whether or not the signature of the testator and the witnesses and notary appear below the attestation clause.
 

 “As was explained in the case of In re Mackris’ Estate [Sur.], 124 N.Y.S.2d 891, the purpose of a statutory requirement that the testator and subscribing witnesses sign ‘at the end’ of the will is to prevent fraudulent additions to a will before or after its execution; and that the early jurisprudence gave a strict construction to the statute, but later jurisprudence accepted a less rigid approach, seeking only to apply the statute in the light of its intended purpose.
 

 “As was further said in In re Mackris’ Estate, supra, ‘the rule that the statute
 
 *773
 
 is complied with, when the subscriptions are not followed by matter “essential to the validity of the will” is of broad scope, and has been liberally applied. Moreover, courts are [more inclined] to find substantial compliance when the mischief against which the statute was enacted is not present. * * * The fact that the subscriptions of testator and the witnesses are not contiguous does not affect the validity of the will where both appear after the end of the will.’
 

 “The substantive definition of the term ‘end’ refers to that place on the will where the dispositive provisions terminate, the dispositive provisions being those relating to the testamentary dispositions, the naming of Executor, et cetera.
 

 “From the above, it seems clear that the signature of the witnesses and the testator are considered to be at the end of the will when there is-no dispositive matter intervening.
 

 “The attestation clause is a certificate which certifies the facts and circumstances attending the execution of the will. All that our stature requires is that the signature of the testator, notary and witnesses be affixed in the presence of each other, and must appear under the attestation clause.
 

 “Here, we have two attestation clauses. The first one appears immediately at the end of the will proper, after which appears the signature of the testator. Then follows another attestation clause and the signatures of the witnesses and the notary. All signatures, therefore, are under an attestation clause or, as required by the statute, an attestation clause is above all signatures, with no dispositive matter intervening.
 

 “Where a statute provides that the signatures of the testator, notary and witnesses must be below the attestation clause, and there are two attestation clauses, one immediately following the testamentary dispositions, following which appears the testator’s signature, and another attestation clause following the testator’s signature, below which appears the signatures of the witnesses and the notary, the requirement of statute has been complied with.
 
 So long as all dispositive portions of the will are above all signatures and the attestation clause, and all signatures are below the attestation clauses, and the signature of the testator is above all other signatures, indicating that the testator signed first, the will is valid.”
 
 (Italics ours.) See 28 Tulane Law Review 288; In re Parkman’s Estate, 3 Misc.2d 1014, 156 N.Y.S.2d 22.
 

 Mrs. Mamie E. Micas, wife of the universal legatee, witnessed the instrument herein involved. There are no provisions in Act 66 of 1952, LSA-R.S. 9:2442, with
 
 *775
 
 respect to who may witness a will drawn under its provisions. Under such circumstances, the substantive law of Louisiana applies. Mrs. Micas did not fall within any of the incapacities set forth in the Revised Civil Code. LSA-C.C. arts. 1591, 1592. '
 

 When the intent of the testatrix is clear- - ly manifest and on a due consideration of the evidence by this Court, the law and the evidence in will cases should not be confined in the Bastille of a technical judicial construction.
 

 For the reasons assigned, the judgment of the trial court is affirmed at appellant’s cost.
 

 FOURNET, C. J., absent.