215 So.2d 649 (1968)
Succession of Lydia Martin BABIN.
No. 7550.
Court of Appeal of Louisiana, First Circuit.
November 12, 1968.
*650 Arnold J. Gibbs, Baton Rouge, for Mrs. Elizebeth Martin Hartzog.
Mengis & Durant, Baton Rouge, for Fabian Joseph Babin.
Before LANDRY, REID and SARTAIN, JJ.
REID, Judge.
This is an appeal from the Trial Court's judgment invalidating the last will and testament of Lydia Martin Babin and decreeing that the same not be admitted to probate and further that the succession of Lydia Martin Babin be declared to be intestate. The sole and only heir at law was a daughter, Sheila Fay Babin, a minor. The opponent, Fabian Joseph Babin, Jr., alleges that he was the surviving spouse of Lydia Martin Babin. The record raises some question as to the exact marital status of the opponent and the deceased, as the will recites that they were judicially separated and had been separate in property since that separation on February 24, 1961. In his opposition, however, and also in his petition for a search of the will, Fabian Joseph Babin, Jr. alleges that he was the surviving spouse. While this point might later affect the disposition and status of the property, it is of no importance insofar as whether or not the will should be submitted to probate.
When the will was submitted to probate, the opponent, Fabian Joseph Babin, Jr., opposed the probate on the following grounds: First, if the said will was a nuncupative will by public act, it was not confected in compliance with the formalities of law, and second, if the will was a statutory will authorized by LSA-R.S. 9:2442 et seq., it likewise was not drafted in compliance with the formalities of law.
The will in question consists of two pages. The heading of the will is as follows:
 "MY LAST WILL AND TESTAMENT
 "STATE OF LOUISIANA
 PARISH OF EAST BATON ROUGE
 TO WHOM IT MAY CONCERN:
 "THIS DAY, I, Lydia Martin Babin, born Martin, married but once
 and then to Fabian J. Babin, Jr., from whom I obtained a judgment of
 legal separation on or about February 24, 1961, in Suit No. 6267 on the
 Docket of The Family Court, East Baton Rouge Parish, Louisiana, and
 from whom I have been since that date separate in property, a resident
 of lawful age of the Parish of East Baton Rouge, Louisiana, being of
 sound mind and realizing life's uncertainties and wishing to make a
 proper disposition of all of my worldly possessions and property in the
 event of my death, do hereby make this my last will and testament and I
*651
 therefore do now publish, declare, state and ordain this to be my last will
 and testament, revoking all other wills and testaments; and I desire the
 following disposition to be made of my property after my death: * * *"
 There are then eight paragraphs in which the testatrix makes certain dispositions
 concerning her property. On the margin of the first page of the
 will there appears the following:
 "Date: June 16, 1964 Witnesses:
 Testatrix: /s/ Lydia Martin Babin /s/ Mary Weaver
 /s/ LaWanna S. Sumrall
 /s/ Birdie S. White
 /s/ Arnold J. Gibbs
 Notary Public"
 Following the eighth numbered paragraph of the will on the second page
 is this:
 "THIS, my last will and testament, was entirely read by me and then
 presented by me to the undersigned competent witnesses and the undersigned
 Notary Public, and I, Lydia Martin Babin, did again read the
 said will in a loud clear voice to all of the said witnesses and Notary, and
 I did declare further in their presence that the said document contained
 and was my last will and testament, and I did sign it, in the presence of
 the undersigned competent witnesses and Notary Public, and they did in
 my presence sign and subscribe their names, one behind the other, at one
 time, without turning aside to any other acts and without interruption
 on this the 16th day of June, 1964, at Baton Rouge, Louisiana.
 WITNESSES:
 /s/ Mary Weaver
 /s/ LaWanna S. Sumrall /s/ Lydia Martin Babin 
 /s/ Birdie S. White LYDIA MARTIN BABIN
 TESTATRIX"
 Then there appears the following:
 "THUS DONE AND SIGNED AND DECLARED BY THE testatrix
 above named in our presence, to be her last will and testament, and
 in the presence of the testatrix and each other, we have hereunto subscribed
 our names on this the 16th day of June, 1964, at the address of
 301 St. Ferdinand Street in the City of Baton Rouge, East Baton Rouge
 Parish, Louisiana.
 WITNESSES TO TESTATRIX SIGNATURE
 AND READING OF HER WILL:
 /s/ Mary Weaver
 /s/ LaWanna S. Sumrall /s/ Lydia Martin Babin 
 /s/ Birdie S. White LYDIA MARTIN BABIN
 "SWORN TO AND SUBSCRIBED before me on this the 16th day of
 June, 1964, at Baton Rouge, Louisiana.
 /s/ Arnold J. Gibbs 
 ARNOLD J. GIBBS, NOTARY PUBLIC
 MY COMMISSION EXPIRES AT DEATH"
*652 The Trial Judge held that the will was not valid as a nuncupative will be public act nor valid as a statutory will in compliance with LSA-R.S. 9:2442.
Regarding the invalidity of the will under the provisions of LSA-R.S. 9:2442, the Trial Judge based his holding on the fact that although the will was signed on each page, this fact was not evidenced in writing as required by R.S. 9:2442(3), which reads as follows:
"(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantialy similar thereto: `Signed on each page (or if not signed by the testator, the statement of his declaration that he is not able to sign his name and of the physical cause that hinders him from signing) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this ___ day of_________, 19____'"
The Trial Judge stated that "the express language of the act states that the attestation clause SHALL set forth such fact" and "this omission is not a defect in form, it is one of substance." He then cites the following from the Succession of Michie, La.App., 183 So.2d 436:
"The purpose of the statutes prescribing formalities for the execution of wills is to guard against mistake, imposition, undue influence, fraud, or deception, and to afford a means of determining their authenticity and to prevent the substitution of some other writing in place thereof. And, however harsh the application of the rule may appear in a given instance, such fact does not justify any deviation therefrom since any material relaxation of the statutory rule will open up a fruitful field for fraud, substitution, and imposition. Soileau v. Ortego, 189 La. 713, 180 So. 496 (1938)."
The Trial Judge concluded that the will was not drafted in compliance with the provisions of LSA-R.S. 9:2442, and ruled the will invalid.
It is the opinion of this Court that the position of the Trial Judge in this regard is incorrect and an examination of the jurisprudence concerning the interpretation of R.S. 9:2442 does not merit such a strict rule of construction as set forth by the Trial Judge herein.
In the Succession of Nourse, 234 La. 691, 101 So.2d 204, the Supreme Court had under consideration the validity of a statutory will consisting of two sheets with the signature of the testator on both sheets, but the signature on the second sheet was at the end of the document in company with the signatures of the witnesses and the Notary and did not appear at the place where the dispositive provisions terminated. The second page of the will contained a listing of bequests, and then followed the remainder of the document:
 "I appoint Jacob (Jack) Gay Executor of my last will and testament,
 with full seizin and without bond.
 "Signed and declared by testator above named, in our presence, to be
 her last will and testament, and in the presence of the testator and each
 other we have hereunto subscribed our names on this 20 day of June,
 1955.
 Witnesses:
 /s/ Lloyd M. Seher /s/ Roseanna S. Nourse
 /s/ Benjamin Alperin /s/ Alcide J. Weysham
 Notary Public"
*653 The Court held that the absence of the signature of the testator where the dispositive provisions terminated was not such a defect as to render the will invalid.
In that case the Court was interpreting that part of R.S. 9:2442 which states, among other requirements, that "in the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign [his name on] each separate sheet of the instrument" and that the notary and both witnesses, in the presence of the testator and each other, must sign at the end of the will and that the foregoing facts must be evidenced in writing above the signature of the notary public and witnesses and the testator at the end of the will. The opponent in that case contended that the testator's signature must appear at two places, namely, following the dispositive provisions and at the end of the attestation clausethe argument being that the signing of the attestation clause cannot supply the want of signature to the will proper since said clause is not part of the will and a testator who signs, as did the defendant in the Nourse case, acknowledges something to be his last will and testament which he neither wrote nor signed, and which, therefore, does not comply with any testamentary form under our law.
Although in that case the fact that the attestation did not recite that the will had been signed on each page was not at issue, it would certainly follow that if the failure of the testator to sign that will at the end of the dispositive provisions was not such a defect as to invalidate that will, then surely the failure to recite in the attestation of the present will that the will was signed on both pages would not be a defect as to substance, and it can readily be seen from the two wills that the will at issue in the present case is not as defective in form as was the will in the Nourse case.
In the Succession of Nourse, supra, the Court quoted with approval the ruling in the Succession of Eck, 233 La. 764, 98 So.2d 181, wherein the testator signed at the end of the dispositive provisions but did not sign again after the attestation portion where only the signatures of the witnesses and the notary appeared. The pertinent part of the will was as follows:
 "Signed and declared by the testator to be her will and in the presence
 of each other the testator, notary and witnesses signed their names.
 "/s/ S. Arnouil Eck
 "Signed and declared by the testator above named Mrs. Sophie Jones
 Arnouil Eck, in our presence to be her last will and testament, and in the
 presence of the testator and each other we have hereunto signed and subscribed
 our names on this 19th day of December, 1956.
 "Witnesses:
 /s/ L. M. Jansen - Nurse
 /s/ Mamie E. Micas /s/ Robert J. Oster
 N.P."
In the Eck case the Court was not concerned with a will containing two pages. However, it should be pointed out that the deficiency in that will, that is, the failure of the testator to sign below the attestation clause, would certainly be more of a defect in substance than would be the failure to recite that the will was signed on two pages as in the case at issue.
In the Succession of Eck the Court cited the rationale expressed in In re Mackris' *654 Estate, Sur., 124 N.Y.S.2d 891, wherein that Court stated that the purpose of the statutory requirement was for the purpose of preventing fraudulent alterations to a will, and that the Courts are more inclined to find substantial compliance when the mischief against which the statute was enacted is not present. It would then follow that, in view of the fact that the present will was signed on each page as required by the statute, the mischief against which that portion of the statute was enacted was not present in the case at bar, that is, a page of the will not identified as having been signed by the testator. Therefore, there was substantial compliance with the statute which would fit the rule announced in the Nourse and Eck cases.
It should be emphasized that in the present case, not only did the testator sign on each page, but she signed each page before the same three witnesses and each page contained a jurat by the same notary.
In the recent case of Succession of Chopin, La.App., 214 So.2d 248, 4th Cir., Reh.Den., one of the questions raised was whether or not the testatrix had properly signed the will on each page, and while the question at issue herein was not raised in that case, it should be pointed out that in that will, as is the case here, the attestation clause did not recite that the will had been signed on each page.
This Court has no quarrel with the rules set forth in the Succession of Michie, supra. The pertinent part of the will in that case is as follows:
 "This is my last WILL AND TESTAMENT, and it cancels and supersedes
 any and all other WILLS or documents that I have executed in the
 past relative to disposition of my properties at my DEMISE.
 "I am in sound mind and memory. This January 16th 1965.
 "WITNESS:
 /s/ A. B. Sisson
 /s/ J. Howard Michie
 /s/ A. D. Fowler
 "This is to certify that the signature of J. Howard Michie to this instrument
 is his own handwriting.
 "Jan. 16-1965
 /s/ Thos. H. B. Rankin
 Notary Public"
This will can in no way be construed as even having an attestation clause. It is really not a question of whether or not the attestation clause is in proper form as required by the statute, but whether or not there is an attestation clause at all.
For the foregoing reasons, the judgment of the Trial Court is reversed and the case is remanded for further proceedings in line with this decision, the cost of this appeal to be borne by the Appellee.
Reversed and remanded.