PRICE, Judge.
William Fleet Peterson died June 6, 1969, at his domicile in Caddo Parish, Louisiana, *40 leaving no ascendants, descendants or widow. He left a last will and testament dated June 25, 1964, purported to be executed in accordance with the provisions of LSA-R.S. 9:2442. The sole legatee under the will, Ruth Peterson Ferguson, sister of decedent, was placed in possession of all property left by decedent in accordance with judgment of the First District Court dated September 15, 1969, pursuant to the provisions of the will probated on the same date. This action was brought on January 22, 1970, by other collateral heirs of decedent, seeking to annul the purported last will and testament of the decedent for a want of compliance with the mandatory provisions of LSA-R.S. 9:2442. An exception of no cause of action filed by the defendant in this cause, Mrs. Ruth Peterson Ferguson, was sustained by the district court and plaintiffs have perfected this appeal. The will in question is typewritten on one sheet of plain typewriter paper and is reproduced as follows:
“WILLIAM FLEET PETERSON
“I, William Fleet Peterson, a single man, of the Parish of Caddo, State of Louisiana, being of sound mind and mindful of the uncertainty of life and the certainty of death, availing myself of, and pursuant to, the provisions of Act No. 66 of the Legislature of Louisiana of. 1952, do hereby make and subscribe to this my last will and testament, hereby revoking all others.
“It is my will and desire that all of the property, real, personal and mixed, of which I may die possessed, shall (after the payment of my debts, together with the expense incident to the probate of this will) pass to and vest in fee simple in my sister, Ruth Peterson Ferguson.
“The foregoing instrument I hereby make and subscribe as my last will and testament in the presence of the undersigned witnesses and the undersigned Notary Public on this the 25th day of June, 1964.
William Fleet Peterson
Signed and declared by Testator above named in our presence to be his last will and testament and in his presence and in the presence of each other, we have hereunto subscribed our names in the Parish of Caddo, State of Louisiana, on this the 25th day of June, 1964.
Beverly Parks
L. K. Ford
Brenda Knipping Notary Public
in and for Caddo Parish, Louisiana”
In their petition to annul, plaintiffs contend that the will of decedent contains no attestation clause above the signature of the Testator, reciting the fact that he signed the will in the presence of the Notary and the witnesses as required by LSA-R.S. 9:2442. They further allege non-compliance with subparagraphs (2) and (3) of this Statute which provide that the Notary and both witnesses must sign their names at the end of the will in the presence of the Testator, in the presence of each other, and that the facts shall be evidenced in writing above the signatures of the Notary Public, the witnesses and the Testator at the end of the will. Plaintiffs rely on the case of Succession of Wilson, 213 So.2d 776 (La.App. 2d Cir., 1968), decided by this circuit, and contend that the Wilson case is directly in point with the case under consideration.
The trial judge, in his reasons for judgment sustaining the exception of no cause of action, found the Wilson case to be distinguishable, relying on the case of Succession of Eck, 233 La. 764, 98 So.2d 181 (1957), decided by the Supreme Court in 1957.
We are in accord with the views of the trial judge that the will meets the requirements of LSA-R.S. 9:2442. The pertinent portions of LSA-R.S. 9:2442 read as follows:
“In addition to the methods provided in the Louisiana Civil Code, a will shall be .valid if in writing (whether typewrit *41 ten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner :
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name on each separate sheet of the instrument. * * *
(2) The notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: ‘Signed on each page (or if not signed by the testator, the statement of his declaration that he is not able to sign his name and of the physical cause that hinders him from signing) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this _ day of _, 19_
To fulfill the requirements of the foregoing statute the testator must do the following :
1. Signify to the notary and two witnesses that the written instrument is his last will and he must sign on each separate sheet of the instrument. It is self evident from a reading of the instrument that this requirement was met by the testator.
2. Subparagraphs (2) and (3) require that the notary and two witnesses must sign their names in the presence of each other and the testator at the end of the will and compliance with this provision must be stated above the signature of the notary, witnesses and testator at the end of the will.
In the Succession of Eck, supra, the Supreme Court has defined “end of the will” to be at the conclusion of the disposi-tive portion thereof. Therefore, the end of the will in question is at the end of the second paragraph thereof ending with the words “vest in fee simple in my sister, Ruth Peterson Ferguson.”
The signatures of the testator, notary and witnesses all appear below this portion of the will. The testator declares above his signature that he makes this as his last will and has signed it in the presence of the notary and two witnesses as required by the Statute. This clause appearing immediately above his signature records his actions in executing the will as required by subparagraph (3). Immediately below testator’s signature, but above the signatures of the notary and two witnesses, is the clause recording their actions in executing the instrument.
Appellant argues that the clause above the signature of the testator is not an attestation clause. We cannot agree with this position. An attestation clause is merely a certification or recital of the acts done in the confection of an instrument. The division of the clause is immaterial as long as the proper recitals are made, the declarations by the testator are above his signature, and the attestation made by the notary and witnesses is above their signature with no intervening dispositive matter. Succession of Eck., supra.
The Succession of Wilson, supra, relied on by appellant, is distinguishable on its facts as the testator therein did not certify above her signature that she signed in the presence of the notary and two witnesses.
*42 We are of the opinion that the testament was executed in substantial compliance with the statute and the judgment appealed from is hereby affirmed at appellant’s cost.