BOUTALL, Judge.
This is an appeal from a judgment declaring a statutory will to be null and void and denying the probate thereof, based upon failure to observe the formalities required by R.S. 9:2442.
The will in question was executed on July 14, 1965 and bequeaths to one of the testator’s three children, as an extra portion, 1/3 of his property, and divides the remainder of the property equally among all three children. After the testator’s death, his succession was opened and the will was offered for probate by the favored child. *667 The other two children opposed the probate of the will contending that the will is null and void on its face because the testator did not sign an attestation clause at the end of the will. On the trial of the opposition to probate, the proponent of the will offered to produce evidence showing that all of the requirements of R.S. 9:2442 were in fact met. The trial court refused to permit the introduction of such evidence, and two separate offers of proof pursuant to C.C.P. art. 1636 were made.
The trial court found that there was an attestation clause signed by the notary and two witnesses, but there was no signature of the testator below the attestation clause, that such was required by L.R.S. 9:2442(3), and that this case was controlled completely by the case of Succession of Wilson, 213 So.2d 776 (La.App.2nd Cir., 1968), writs denied, 253 La. 56, 216 So.2d 305 (1968). From this judgment holding the will null and void, the proponent of the will has appealed.
To afford an understanding of the principles involved, we reproduce the will, which consists only of one page, omitting most of the dispositive portions, which are not pertinent here.
“LAST WILL AND TESTAMENT STATE OF LOUISIANA PARISH OF JEFFERSON
BE IT KNOWN, that on this 14 day of July, in the year of our Lord, One Thousand Nine Hundred and Sixty-five, (1965),
BEFORE ME, PATRICK E. CARR, a Notary Public, duly commissioned and qualified, in and for the Parish of Jefferson, State of Louisiana, therein residing, and in the presence of Tulie B. Patterson and Walter E. Kollin, competent witnesses,
PERSONALLY CAME AND APPEARED :
DUFFY R. PORCHE, SR., a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana,
who declared unto me, Notary, in the presence of Julie B. Patterson and Walter E. Kollin, competent witnesses, as follows :
1. That he does hereby make and ordain this to be his Last Will and Testament, hereby revoking all the prior ones.
* * (Dispositive portions omitted) * *
S/ Duffy R. Porche. Sr. Duffy R. Porche, Sr.
Signed and declared by the testator above named, in our presence, to be his Last Will and Testament, and in the presence of the testator and each other, we have hereunto subscribed our names on this 14 day of July, 1965.
S/ Julie B. Patterson Witness
S/ Walter E. Kollin Witness
S/ Patrick E. Carr Patrick E. Carr, Notary Public”
A reference to the will under consideration in the Succession of Wilson, supra, at 213 So.2d 779 discloses that, although the two documents are not identical, in form, there is a remarkable similarity between them. The court in that case held the will to be null and void for noncompliance with the mandatory requirements of the statute using the following language:
“[9] A reading of this will discloses there is no attestation clause above the signature of the testatrix reciting the fact that she signed the will in the presence of the notary and the witnesses, a requirement of the statute, which fact ‘shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will.’ (Emphasis supplied.) LSA-R.S. 9:2442(3). This is essential to the validity of the will and compliance cannot be *668 shown dehors the instrument by parol testimony. Succession of Sparks, 12 Rob. 35 (1845); Succession of Michie, supra. It is only in strict compliance with these formalities prescribed by the statute that the testament may be recognized as legal, and the established order of succession may yield to the will of the testator. Le Blanc v. Baras’s Heirs, 16 La. 80, 83 (1840); Succession of Wilkin, 21 La.Ann. 115 (1869); Succession of Wilson, 177 La. 119, 148 So. 1 (1933).”
We have set out the above because our opinion appears to be in conflict with that of the court in the Wilson Case, upon which the trial judge relied. We are of the opinion that the will here is valid, and that the trial judge erred in declaring the will to be null and void.
Since the decision in that case, the Supreme Court of Louisiana has made it clear that wills made in the statutory form, that is, under the provisions of LSA-R.S. 9:-2442 et seq., are not subject to the same strict observance of the formalities required of wills confected under the provisions of the Louisiana Civil Code. Those wills are governed in general by Louisiana Civil Code Art. 1595 as follows :
“Art. 1595. Testamentary formalities essential
“Art. 1595. The formalities, to which testaments are subject by the provisions of the present section, must be observed; otherwise the testaments are null and void.”
We note that the article itself refers to those testaments and formalities which are set out in the “present section” which is section 2 — General Rules on the Form of Testaments, Chapter 6, Title 2, Book 3 of the Louisiana Civil Code.
The Supreme Court of Louisiana in the case of Succession of Morgan, 257 La. 380, 242 So.2d 551 (1970) has declared that the will provided in R.S. 9:2442 is not founded on the civilian law but rather on the statutory wills which are found in all of the common law states, and which have as their original source the English Statute of Frauds of 1677. This declaration was confirmed by the Court in the Succession of Gordon, 257 La. 1086, 245 S.2d 319 (1971). We note that in each case, the Court reversed a strict interpretation of the requirements of the so-called attestation clause provided in the statute. The Court in Succession of Gordon quoted the following language from Succession of Morgan:
“All of the formal requisites for the composition of our statutory will must be observed; otherwise the instrument is null and void. There must be an attestation clause, or clause of declaration. However, its form is not sacrosanct: It may follow the form suggested in the statute or use a form substantially similar thereto. The attestation clause is designed to evince that the facts and circumstances of the confection and execution of the instrument conform to the statutory requirements. In construing the attestation clause of this type of will, this court has been most liberal in its determination of whether the clause complies in form and whether it evidences the requisites to supply validity to the instrument. See Succession of Eck, 233 La. 764, 98 So.2d 181; Succession of Nourse, 234 La. 691, 101 So.2d 204. In Succession of Thibodeaux, 238 La. 791, 116 So.2d 525, we reiterated a basic principle of construction of wills, that the validity of a will is to be maintained if possible. Tn construing an attestation clause we will not require strict, technical, and pedantic compliance in form or in language. Rather, we will examine the clause to see whether there is substantial adherence to form and whether it shows facts and circumstances which evidence compliance with the formal requirements for testamentary validity.” (245 So.2d 322)
The Court then further held:
“[4] Examining the statute we find that paragraphs (1) and (2) and the first sentence of paragraph (3) contain the mandatory substantive requirements for *669 a valid statutory will. The last sentence of paragraph (3) contains a suggested form for evidencing that the substantive requirements for the confection and execution of the statutory will have been complied with. * *
 It is evident from the record that all of the requirements of LSA-R.S. 9:2442 (1) and (2) have been met and it is only the first sentence of paragraph (3) which gives rise to the issue here. That sentence reads as follows:
“(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. * sfc * Jf
In interpreting the above quoted statutory section, we are compelled to follow the basic principle that the validity of the will is to be maintained if possible. It is our interpretation that paragraph (3) does not require any particular formal attestation clause under penalty of nullity of the will. It merely requires that the facts set out attending the execution of the will as in paragraphs (1) and (2) shall be “evidenced in writing” above the signatures of the notary, witnesses and testator, which signatures shall be at the end of the will. It suggests a form for the writing but provides that any other form substantially similar thereto is valid, and indeed the court in Succession of Morgan, supra, and Succession of Gordon, supra, has held that the form of the evidence required by paragraph (3) is not sacramental. See also, Succession of Reeves, 224 So.2d 502 (La.App.3rd Cir., 1969); cert. den., 254 La. 812, 227 So.2d 146. The court in Succession of Reeves stated:
“Other decisions of the Louisiana courts reenforce our conclusion that the usefulness of the modern Louisiana statutory will should not be vitiated by any sacrosanct requirement of form as to the attestation declaration. The purpose of this declaration, after all, is merely to ‘evidence’ (LSA-R.S. 9:2442(3)) fulfillment of the essential statutory requirements of form prescribed by the preceding sections of the enactment (i. e., LSA-R.S. 9:2442(2) and (2).”
The Court therein set out numerous cases wherein statutory wills were not invalidated,[1] and a liberal construction of paragraph (3) of R.S. 9:2442 was adopted.
In the Reeves Case, there was a declaration by the testator only (written in the first person) appearing above his signature and the signature of the witnesses and the notary public. The Court concluded that the statute provides that the formal requirements shall be evidenced in writing above the signatures of the notary and the two witnesses, but it does not expressly provide that the attestation or certification shall be made by them. In our case, the will recites in the opening paragraph, in the words of the notary, that the testator appeared before the notary public and in the presence of the two named competent witnesses, and that the testator declared as follows: “1. That he does hereby make and ordain this to be his Last Will and Testament, . . . ”. It is to be noted that this clause, as well as all of the following dispositive clauses, are written in the third person. We are of the opinion that this declaration, stated to be in the presence of the notary and witnesses, is a sufficient evidencing of the formal requirements.
Obviously, the words used above constitute a signification that this is the testator’s will. The question here is whether they constitute an evidencing of signing. For answer, we must rely upon the commonly *670 accepted meaning of the words used. We refer to Webster’s New International Dictionary of the English Language, Second Edition, Unabridged (1961) for this significant definition of the word “make”. Under general meaning IV, “To put in a (specified) state of form; render.”, appears definition No. 28: “To perform or execute in the appropriate manner; to draw up; as to Make a bill, a note, a testament.”
We also refer to Vol. 26 Words and Phrases:
“MAKE A WILL
“To ‘make a will’ is to execute it. The common understanding of the words ‘making a will’ is the writing, signing and attesting it in due form. The words ‘execute’ and ‘execution,’ as applied to instruments of writing, mean more than merely signing them. A deed or contract is not ‘executed’ when it is signed; it must also be delivered before it is executed. Heinbach v. Heinbach, 202 S.W. 1123, 1130, 274 Mo. 301.”
In Black’s Law Dictionary (Rev. 4th Ed.) we find the following pertinent definition of “make”:
“MAKE
“To cause to exist. United States v. Giles, Tex., 57 S.Ct. 340, 344, 300 U.S. 41, 81 L.Ed. 493. To form, fashion, or produce; to do, perform, or execute; as to make an issue, to make oath, to make a presentment.
“To do in form of law; to perform with due formalities; to execute in legal form; as to make answer, to make a return or report. Ex parte Lockhart, 72 Mont. 136, 232 P. 183, 185.
“To execute as one’s act or obligation ; to prepare and sign; to issue; to sign, execute, and deliver; as to make a conveyance, to make a note. Heinbach v. Heinbach, 274 Mo. 301, 202 S.W. 1123, 1130; Spaulding v. First Nat. Bank, 205 N.Y.S. 492, 493, 210 App.Div. 216.
if* * * if
We conclude that the usual accepted meaning of “make” in the sense of “make a will” in reference to the testator is not only that he dictates it or causes it to be drawn up, but that he executes and signs it. This meaning is made clearer by following the verb “makes” with the words “and ordains” as here. “Ordains” connotes the wish to establish and promulgate the will so made to give it complete effect. Webster’s, supra, defines “ordain: * * * 2. To establish by appointment, decree or law; to constitute; decree; appoint; institute; enact; * * *.” See also Black’s, supra, “ordain. To institute or establish; * * * ft
We hold that the declaration by the testator that “he does hereby make and ordain this to be his Last Will and Testament” sufficiently evidences that this document is his will and that he signed it.
We now consider the placement of the declaration.
The will on its face shows that the declaration is at the beginning of the dispositive portion of the will and not at the end thereof. If the proper interpretation of the statute is that the evidencing be at the end of the will, then clearly this will must be nullified. We think this an unduly harsh result in view of the ambiguity of the statute. Our interpretation is that the evidencing need only be above the requisite signatures, which signatures shall be at the end of the will.
A reading of the provisions of LSA-R.S. 9:2442 demonstrates that there is an ambiguity resulting from the requirements as to placement of signatures and the attestation. Paragraph (1) simply requires the testator to sign his name on each separate sheet of the instrument without specifying where the signature shall appear. See Succession of Chopin, 214 So.2d 248 (La.App. 4th Cir., 1968); Succession of Babin, 215 So.2d 649 (La.App.1st Cir., 1968). Paragraph (2) requires the notary and both witnesses to sign their names at the end of the will. Paragraph (3) for the first time men *671 tions that the signature of the testator is to be at the end of the will by stating that the formal requirements shall be evidenced above the signatures of the notary public and witnesses and the testator at the end of the will.
It is this last paragraph which has caused most of the confusion concerning the statutory will. The first sentence thereof requires all signatures to be at “the end of the will.” If we conclude that it also requires the suggested declaration clause to be at “the end of the will”, a problem immediately arises. At the time of the enactment of the statute the “end of the will” was generally considered to be the end of the dispositive portion, and so a conflict occurs between placement of the signatures and placement of the declaration.
Additionally, we suggest that a careful reading of the proposed declaration clause indicates that the word “we”, as used to refer to the subscribers thereof, refers to only the witnesses and the notary. Yet the first sentence of paragraph (3) requires the evidencing to be above the signature of the testator as well as the witnesses and the notary. At the same time, these latter signatories are also required by paragraph (2) to sign at the end of the will.[2]
The careful draftsman of such a will in an attempt to resolve all conflicts would probably conclude that the statute actually seems to require two complete sets of signatures : One set at the end of the dispositive portion of the will and one set after a formal declaration clause. Even this does not solve all the conflicts because there still exists a placement problem, that is, if the first set of signatures is at the end of the dispositive portion of the will, the declaration is not.
To resolve this problem the Supreme Court held in Succession of Eck, 233 La. 764, 98 So.2d 181 (1957) that the end of the will refers to that place where the disposi-tive provisions terminate and the signatures are considered to be at the end of the will when there is no dispositive matter intervening. In regard to the attestation clause, the Court had this to say at 98 So.2d 184:
“[4] The attestation clause is a certificate which certifies the facts and circumstances attending the execution of the will. All that our statute requires is that the signature of the testator, notary and witnesses be affixed in the presence of each other, and must appear under the attestation clause.
<( * * * ”
We follow this interpretation of the statute. We believe the purpose of that portion of the statute is to provide that the signatures, especially that of testator, be at the end of the will and that all written material, including the evidencing statements be above the signatures. The statute is designed to permit as easy, simple and flexible way to make a will and, at the same time, guard against possible fraudulent alteration or additions. The importance is attached to the placement of the signature, not the placement of the attestation. We note especially the rationale of the decision in Succession of Babin, supra. In that case the attestation did not declare that the will was signed on each page, although it was in fact signed:
“[2] In the Succession of Eck the Court cited the rationale expressed in In re Mackris’ Estate, Sur., 124 N.Y.S.2d 891, wherein that Court stated that the purpose of the statutory requirement was for the purpose of preventing fraudulent alterations to a will, and that the Courts are more inclined to find substantial compliance when the mischief against which the statute was enacted is not present. It would then follow that, in view of the fact that the present will was signed on *672 each page as required by the statute, the mischief against which that portion of the statute was enacted was not present in the case at bar, that is, a page of the will not identified as having been signed by the testator. Therefore, there was substantial compliance with the statute which would fit the rule announced in the Nourse and Eck cases.” (215 So.2d 653, 654)
It should be noted that where the reverse side of the picture in the Babin case is shown, that is, where no signature appears on each page, the will is declared null. Land v. Succession of Newsom, 193 So.2d 411 (La.App.2nd Cir., 1966).
Because the evidencing by the testatrix in the Eck case was at the end of the dispos-itive provisions, and not at the beginning as here, we cannot say that the factual situation is the same. Nevertheless, the same principles apply, and although there is some obiter dicta to the contrary, no holding to the contrary has been called to our attention and we know of none. We note that the holding in Succession of Wilson, supra, was that there was no certification above the testatrix’s signature as to signing. See Succession of Peterson, 240 So.2d 39 (La.App.2nd Cir., 1970)[3]. That court did not comment as to placement of the attestation except that there was none above the signature of the testatrix.
For the foregoing reasons, we are of the opinion that the will is valid in form under the provisions of LSA-R.S. 9 :2442.
Another point raised in argument before us is the admissibility of parol evidence to prove the formalities of the will. At the trial below, on the opposition to probate the will, the proponents of the will offered to introduce evidence by the notary public who received the will and one of the subscribing witnesses thereto, that the will was in fact made in accordance with the provisions of the statute. This evidence was objected to and the court refused to receive it. Because of our holding above, any discussion by us would be simply dicta, and so we do not pass upon that issue.
For the foregoing reasons, the judgment appealed from is annulled and reversed, the will is declared to be valid and the probate thereof is ordered. Accordingly, this matter is remanded to the trial court for such further proceedings as may be necessary and consistent with the views expressed herein. Costs of this litigation in both courts to be paid by the appellees.
Reversed and remanded.

. Succession of Nourse, 234 La. 691, 101 So.2d 204 (1958); Succession of Eck, 233 La. 764, 98 So.2d 181 (1957); Succession of Babin, 215 So.2d 649 (La.App. 1st Cir., 1968); Succession of Pickett, 189 So.2d 670 (La.App. 1st Cir., 1966); Succession of Barrieu, 148 So.2d 836 (La.App. 4th Cir., 1963); Succession of Saarela, 151 So.2d 144 (La.App. 4th Cir., 1963).

. We can only speculate, but perhaps some of this confusion arose as a result of legislative amendments to the form of will originally proposed by the Louisiana State Bar Association. For some of these amendments see 28 Tulane L.R. 288, “The New Louisiana Wills Act.”

. It is suggested that this case indicates a relaxation of the harsh rule imposed in Succession of Wilson.