288 So.2d 27 (1973)
Successions of Duffy (Dolphe) Raphael PORCHE and Catherine Louise Loyacano Porche.
Duffy R. PORCHE, Jr., and Dorothy Porche Polozola, Opponents-Appellees-Relators,
v.
Katherine Porche MOUCH, Proponent-Appellant-Respondent.
No. 53420.
Supreme Court of Louisiana.
December 3, 1973.
Rehearing Denied January 11, 1974.
Louis D. Curet, D'Amico & Curet, Baton Rouge, for plaintiffs-applicants.
Warren L. Mengis, Mengis, Durant & Carpenter, Baton Rouge, for defendant-respondent.
TATE, Justice.
This proceeding involves the validity of a statutory will. The testator Porche executed it in attempted compliance with the provisions of La.R.S. 9:2442 (1952, as amended 1964). By the will, one of Porche's three children was given an extra portion and made testamentary executrix.
In the trial court, the other two children successfully opposed the probate of the will. The court of appeal, however, reversed and held the will to be valid. 273 So.2d 665 (La.App. 4th Cir. 1973).
We granted certiorari, 277 So.2d 439 (La.Sup.Ct.1973), to resolve a conflict between the Fourth Circuit's decision in the *28 instant case and that of the Second Circuit in Succession of Wilson, 213 So.2d 776 (La.App.1968), certiorari denied, 253 La. 56, 216 So.2d 305 (1968).
In Succession of Wilson, a statutory will was held invalid because the testatrix had not signed again under the attestation clause, although she had signed at the end of the dispositive provisions. With regard to this feature, the instant will is identical.
The present testator executed a "statutory will" in purported compliance with La.R.S. 9:2442.[1] The form is derived from the common law. Succession of Morgan, 257 La. 380, 242 So.2d 551 (1971); Comment, 28 Tul.L.Rev. 288 (1954). The formalities there set forth require: (1) that, in the presence of a notary and two witnesses, the testator shall signify that the instrument is his will and shall sign it; (2) that the notary and both witnesses must sign their names at the end of the will in the presence of the testator and of each other; and (3) that "the foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will."
In the present instrument, the testator noted that he had declared unto the notary in the presence of the two witnesses the instrument to be his last will and testament;[2] then, following the dispositive provisions, he signed his name. Following his signature appears an attestation clause by the notary and two witnesses, stating that in their presence he had declared the *29 instrument to be his will and had signed it.[3] Only the notary and two witnesses signed this attestation clause; the testator did not again sign his name to it.
We agree with the intermediate court that the present will substantially complies with the statutory formalities required and is therefore valid. There is, in fact, no contention that the testator did not in the presence of the notary and both witnesses signify the instrument to be his will and then sign it. (Requirement 1.) Nor is there any contention that the notary and two witnesses did not then sign a declaration to such effect in the presence of each other and of the testator. (Requirement 2.) The sole contention is that the testator did not formally reiterate in the attestation clause that these formalities had been complied with and that over his own signature, there is no showing that the notary and two witnesses had signed the instrument in his presence and that of each other.
However, above his signature and in the dispositive provisions of the testament, he had declared in the presence of the notary and the two witnesses that the instrument in question was his last will. See Footnote 2. The notary and the two witnesses had likewise at the end of the will, following the signature of the testator, evidenced such facts in the attestation clause and had, above their own signatures, stated they had signed in the presence of the testator and of each other. See Footnote 3.
Thus, over his own signature at the end of the will, the testator had evidenced Requirement 1 had been fulfilled, the only required formality exacted of him prior to his signing it. And, over their own signatures, the notary and two witnesses declared that such had been done and that Requirement 2, their signing in everybody's presence, the only required formalities exacted of them, had been fulfilled.
This amounts to substantial compliance with statutory Requirement 3, the attestation or declaration that the statutory formalities had been observed, see La.R.S. 9:2442(3). After all, the purpose of the attestation clause is primarily to evidence, at the time the will was executed, that the statutory formalities (Requirements 1 and 2) had been satisfied. When, in fact, the instrument as a whole shows that these formalities have been satisfied, we see no reason why technical variations in the attestation clausewhich is designed merely to evidence compliance with the formalities should defeat the dispositive portions of an otherwise valid will.
We must remember that the attestation clause is not self-proving; witnesses in person or by affidavit must be produced at the probate to prove the will. La.C. Civ.P. art. 2887 (as amended in 1970). See also, 2 Bowe-Parker: Page on Wills, Section 19.141 (1960). The principal function of the witnesses in the attestation requirement is to supply a source of proof that the testator signed what he formally indicated to be his testament. 28 Tul.L.Rev. 288 (1954). Therefore, as noted in Succession of Reeves, 224 So.2d 502, 504 (La. App.3d Cir. 1969, certiorari denied, 254 La. 812, 227 So.2d 146 (1969)): "* * * Attestation provisions are sufficient which, in conjunction with the testament itself, reasonably indicate that the testament was executed in accordance with the statutory *30 formalities." See Succession of Morgan, 257 La. 380, 242 So.2d 551 (1970).[4]
In holding to the contrary in the Succession of Wilson, the Second Circuit relied upon language in Succession of Eck, 233 La. 764, 98 So.2d 181 (1957), as requiring the formal division of the will into dispositive portions and into an attestation clause, with the testator signing after each. The present issue was not before us then. In the will in Eck, the testatrix had signed only once following the dispositive portion (which included the attestation features), while only the notary and two witnesses signed following the attestation clause. In upholding the will there, the late Justice Moise as organ of the court stated, 98 So. 2d at 185: "When the intent of the testatrix is clearly manifest and on a due consideration of the evidence by this Court, the law and the evidence in will cases should not be confined in the Bastille of a technical judicial construction."
As stated in Succession of Morgan, 242 So.2d 551, at page 552: "* * * A primary purpose of our statute authorizing this type of will is to afford another and simplified means of making a testament whereby the authenticity of the act can be readily ascertained and fraudulent alteration of it will be most difficult." See also 2 Bowe-Parker: Page on Wills, Sec. 19.4 (1960), discussing the common law form on which our statutory will is based:
"It has been said that the statute should be construed in accordance with its purpose and spirit rather than its rigid words; that the courts should uphold a will, if it is legally possible so to do; and that the statutes on the subject of the execution of a will should not be construed technically or rigidly if the testator has attempted, in good faith, to make a will. It is accordingly said that a substantial compliance with the Wills Act is sufficient; and that a will is invalid only where there is no substantial compliance with such statute."
In 1952, our legislature authorized the statutory will, adopting it from the common law, as a means of evading the rigid standards of form required of civil law testaments, any deviation from which caused a will to be declared null. The minimal formal requirements of the statutory will are only designed to provide a simplified means for a testator to express his testamentary intent and to assure, through his signification and his signing in the presence of a notary and two witnesses, that the instrument was intended to be his last will. See: Comment, 28 Tul.L. Rev. 288 (1954); Note, 32 La.L.Rev. 542 (1972); Note, 45 Tul.L.Rev. 205 (1970); Note, 15 Loyola L.Rev. 362 (1969).
We agree with the intermediate court herein that the statute should be interpreted in accordance with its intent. The evidencing of the respective formal requirements need only be above the respective requisite signatures in their respective places at the end of the will. In this regard, it is immaterial for any substantial purpose whether the testator's signature is placed before or after any formal attestation clause by the notary and two witnesses at the end of the will.
For the reasons assigned, we affirm the judgment of the Court of Appeal.
Affirmed.
NOTES
[1] La.R.S. 9:2442 ("Statutory will; form') provides:

In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name on each separate sheet of the instrument. If, however, the testator declares that he is not able to sign his name because of some physical infirmity, express mention of his declaration and of the cause that hinders him from signing his name must be made in the act, and he shall then affix his mark on each separate sheet of the instrument.
(2) The notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: "Signed on each page (or if not signed by the testator, the statement of his declaration that he is not able to sign his name and of the physical cause that hinders him from signing) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this __ day of __, 19__". Acts 1952, No. 66, Sect. 1, as amended Acts 1964, No. 123, Sect. 1.
[2] "BEFORE ME, PATRICK E. CARR, a Notary Public, duly commissioned
and qualified, in and for the Parish of Jefferson, State of Louisiana, therein
residing, and in the presence of Julie B. Patterson and Walter E. Kollin, competent
witnesses,
 PERSONALLY CAME AND APPEARED:
 DUFFY R. PORCHE, SR., a person of the full age of majority and a
 resident of the Parish of Jefferson, State of Louisiana,
 who declared unto me, Notary, in the presence of Julie B. Patterson and
Walter E. Kollin, competent witnesses, as follows:
 1. That he does hereby make and ordain this to be his Last Will and
 Testament, hereby revoking all the prior ones.
 * * *
 /s/ Duffy R. Porche, Sr."

[3] and declared by the testator above named, in our presence, to be his
Last Will and Testament, and in the presence of the testator and each other, we
have hereunto subscribed our names on this 14 day of July, 1965.
/s/ Julie B. Patterson
Witness
/s/ Walter E. Kollin /s/ Patrick E. Carr
Witness Patrick E. Carr, Notary Public"

[4] 2 Bowe-Parker: Page on Wills, Sec. 19.58 (1960):

"Questions as to signing at the end are presented where testator signs above the testimonium clause, or below the attestation clause, or in blanks in one of these clauses. In most jurisdictions the attestation clause is not regarded as a part of the will, but rather as a certificate to the will; and accordingly, the signature of the testator may either precede or follow such clause and yet be at the end of the will. In the ordinary form of a will, testator's signature precedes the attestation clause. A signature of this sort is a signature at the end of the will. The signature of testator is sometimes written after the attestation clause. This has also been held to be a good signature at the end of the will. * * *"