DOMENGEAUX, Judge.
This proceeding involves the validity of the last will and testament of Lee A. Malone, which was purportedly executed in compliance with La.R.S. 9:2443. The proponent of the will, and appellant here, is Donna Marie Malone, the administratrix and universal legatee under the will. Hartman Malone, Lee A. Malone’s brother, is the opponent to the will and appellee.
Lee A. Malone executed a testament on October 17, 1984. Prior to the date of execution, Mr. Malone had met Henry H. Lemoine, Jr., an attorney, for the purpose of having his last will and testament prepared. At that meeting Mr. Lemoine interviewed Mr. Malone to determine his desires concerning the will’s contents. Subsequently, Mr. Lemoine prepared a draft of the will and mailed it to Mr. Malone, along with a letter requesting Mr. Malone to review the draft and to make an appointment to formally execute it. On October 17, 1984, Mr. Malone went to Mr. Lemoine’s office without having made an appointment. At this time Mr. Lemoine, who was then engaged in a loan closing, asked his secretary, Shirley B. Paul, to execute the will with Mr. Malone. Mrs. Paul, who is a notary, in the presence of Mr. Malone and two witnesses, proceeded to execute the will in compliance with the provisions of La.R.S. 9:2442. When it came time for Mr. Malone to sign the testament, Mrs. Paul discovered that Mr. Malone could neither read nor write. At this point Mrs. Paul stopped the proceeding and informed Mr. Lemoine of Mr. Malone’s inability to read or write. Mr. Lemoine then took over the proceedings and Mrs. Paul acted as the third witness.
Once Mr. Lemoine took over, he confirmed with Mr. Malone that he could nei *660 ther read nor write. Mr. Lemoine then read the testament aloud in the presence of Mr. Malone and the three witnesses. Mr. Malone then signified that this was his last will and testament, and, in the presence of Mr. Lemoine and the three witnesses, affixed an “X” on each page in the place of his signature. Mr. Lemoine and each witness then signed under the attestation clause.
After Mr. Malone died on May 15, 1985, Donna Marie Malone petitioned the court to have the testament probated. On December 4, 1985, Hartman H. Malone filed an opposition to the petition. After the hearing on the opposition to probate, the district court entered a judgment in favor of the opponent of the will, denying probate, finding the testament to be invalid as it did not comply with the statutory requirements of La.R.S. 9:2443. Prom this judgment Donna Malone appeals. We affirm.
On appeal Donna Malone alleges that all the requirements for perfecting a valid statutory will under La.R.S. 9:2443 were in fact met, except that the attestation clause in the testament failed to conform to the language of the statute, and that the trial court erred in concluding that the testament is invalid.
We begin our review with the applicable statutory language, and the pertinent provisions of Mr. Malone’s testament. It is not disputed that Mr. Malone could neither read nor write. The provisions of La.R.S. 9:2442[1] are, therefore, not applicable and we must examine La.R.S. 9:2443.
La.R.S. 9:2443 provides in pertinent part the following:
“A. A statutory will may be executed under this Section by a person whose sight is impaired to the extent that he cannot read, or who does not know how to read and whether or not the person is able to sign.
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) The will shall be read aloud by the notary in the presence of the testator and three competent witnesses, and the witnesses shall follow the reading on copies of the will.
(2) After the reading, the testator shall declare or signify to them that he heard the reading and that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument. If the testator cannot sign his name, he must so declare or signify to the notary in the presence of the witnesses and declare or signify the cause that hinders him from signing, and shall then affix his *661 mark in the places where his signature is required.
(3) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: ‘Read aloud by the notary in the presence of the testator and each other, such reading having been followed on copies of the will by the witnesses, signed at the end and on each other separate page, (or if not signed by the testator, the statement of his declaration or signification that he cannot sign his name and of the cause that hinders him from signing) and declared or signified by testator, in our presence, to be his last will and testament, and in the presence of testator and each other we have hereunto subscribed our names on this_day of_, 19_’ ”
Mr. Malone’s testament provides in pertinent part:
“I, LEE A. MALONE, being of sound mind and knowing that life is precarious, do make this my last will and testament, revoking all others.
[[Image here]]
[Dispositive provisions omitted.]
IN WITNESS WHEREOF I have written this my last will and testament by typewriter and have signed this my last will and testament, in the presence of the undersigned Notary Public, who is duly qualified, commissioned and sworn in the Parish of Rapides, State of Louisiana, and in the presence of the undersigned competent witnesses on this 17th day of October, 1984.
This 17th day of October, 1984. _X_
LEE A. MALONE
PAGE 1 OF 2 PAGES
[End of Page 1]
[Beginning of Page 2]
THUS DONE AND SIGNED and declared by LEE A. MALONE, Testator herein in our presence to be his last will and testament and in the presence of the Testator and each other, we hereunto subscribed our names on this 17th day of October, 1984.
WITNESSES:
/s/ Elaine M. Downey X
LEE A. MALONE
/s/ Charlene B. Woodring /b/ Shirley D. Paul
/s/ Henry H. Lemoine, Jr.
NOTARY PUBLIC
A comparison of the will with the statutory provisions of La.R.S. 9:2443 B(3) shows that the will’s attestation clause does not conform to the language of the statute. We first note that the will’s attestation clause does not recite that the notary read the testament aloud in the presence of the testator and witnesses, with the witnesses following the reading on copies of the will. In addition, the attestation clause fails to state that Mr. Malone cannot sign his name and fails to give the cause that hinders him from signing.
Appellant argues that despite the defects in the attestation clause, the will was nontheless executed in substantial compliance with the statutory requirements, and should, therefore, be found to be valid. In support of her position, appellant cites a number of cases in which statutory wills completed under the provisions of La.R.S. 9:2442 were found to be valid even though the formal statutory requirements were not met. Our review of these cases shows them to be distinguishable from the facts in this case.
The first case which we address is Succession of Porche, 288 So.2d 27 (La.1973). In Porche, the Supreme Court was concerned with the question of whether a will was valid under La.R.S. 9:2442 even though the testatrix had failed to sign her name under the attestation clause, but had signed her name at the end of the disposi-tive provisions. In finding that such a will was valid under the statute the Court stated:
“... the purpose of the attestation clause is primarily to evidence, at the time the will was executed, that the statutory formalities (Requirements 1 and 2) had been satisfied. When, in fact, the instrument as a whole shows that these formalities have been satisfied, we see no reason why technical variations in the attestation clause — which is designed merely to evidence compliance with the formalities — should defeat the dispositive portions of an otherwise valid will.”
In the Porche case, the Court concluded that it could determine from an examination of the testament as a whole that all the statutory formalities had been fulfilled.
In Succession of Babin, 215 So.2d 649 (La.App. 1st Cir.1968), the Court reached a similar result. In Babin, a statutory will was attacked because the attestation clause *662 failed to recite that the testatrix had signed each separate page. In concluding that the Babin will was valid, the Court found that the testatrix had in fact signed each separate page, and stated that “[t]he Courts are more inclined to find substantial compliance when the mischief against which the statute was enacted is not present.” 215 So.2d at 654.
In Babin examination of the testament itself disclosed evidence that all statutory requirements had been fulfilled.
The requirement that the testament itself show that the statutory requirements were fulfilled can also be found in the Court’s conclusions in Succession of Pickett, 189 So.2d 670 (La.App. 1st Cir.1966). In Pickett, the decedent’s testament was attacked as being invalid because the attestation clause failed to state that the testatrix declared the instrument to be her last will and testament. The Court concluded, however, that the attestation clause was in substantial compliance with the statutory formalities, noting that the body of the will contained a statement by the testatrix that she signed the last will in the presence of the witnesses. This statement was sufficient evidence to show that the testatrix had declared the instrument to be her last will and testament. Again, the testament as a whole showed that the statutory formalities had been complied with.
Examination of the testament in this case as a whole does not show that the statutory formalities were complied with. There is no statement in the document indicating that the testament was read aloud in the presence of Mr. Malone and the three witnesses. Nor does the testament show that the witnesses followed the reading on copies of the will. Also, there is no indication in the testament of Mr. Malone’s declaration that he could not sign his name and the cause for his inability to do so.
Given these deficiencies, we cannot conclude that Mr. Malone’s testament is in substantial compliance with the statutory requirements of La.R.S. 9:2443.
In addition to these problems with Mr. Malone’s testament, we also conclude, after a review of the record, that the statutorily prescribed procedure for executing the will was not followed. La.R.S. 9:2443 B(l) requires that the three witnesses follow the notary’s reading of the testament on copies of the will. While the trial court concluded that the only irregularity in the whole proceeding was the fact that the testament itself did not set forth the language required by La.R.S. 9:2443 B(3), we conclude that, in addition to this defect, the record clearly shows that the witnesses failed to follow the notary’s reading of the testament on copies of it.
At trial Mr. Lemoine, Mrs. Paul, and Donna Malone, testified with regard to the procedure used in formally executing the testament. None of these three witnesses at trial testified that the three witnesses to the testament followed the reading of the testament on copies. Mrs. Paul testified, on the other hand, upon cross examination, that the witnesses to the testament did not have copies of the will at the time of its execution. We conclude, therefore, that the witnesses to the testament did not follow the notary’s reading of the testament on copies of the will.
The failure to follow this statutorily mandated requirement is fatal to the validity of the will.
When a testator does not know how to or is unable to read, he cannot assure for himself that the document accurately reflects his desires. The requirements of La.R.S. 9:2443 provide a procedure which, if followed, gives the illiterate or sight-impaired testator reasonable assurance that his desires are in fact reflected in the document he is declaring to be his last will. The failure of the witnesses to follow the reading on copies of the will frustrates the statute's purpose, since, in that event, the testator must rely on the notary’s recitation of the document’s contents. The testator is then left, not only unable to detect the deceitful practices of a dishonest notary, but is also unable to detect the mistakes of a careless one. As the witnesses are the only ones who can verify that the notary has accurately recited the contents of the testament, they must do so in the statutori *663 ly prescribed manner by following the notary’s reading on copies of the will.
We conclude, therefore, that since the attestation clause in Mr. Malone’s will was not in substantial compliance with La.R.S. 9:2443 and that since the witnesses to the testament failed to follow Mr. Lemoine’s reading of it on copies of the will, as required by La.R.S. 9:2443, the testament is not valid. The district court, therefore, correctly refused to probate the testament.
For the above and foregoing reasons, the judgment of the district court is affirmed.
Costs on appeal are assessed against the appellant.
AFFIRMED.

. La.R.S. 9:2442 provides in part:
"A. A statutory will may be executed under this Section only by a person who knows how to sign his name and knows how to and is physically able to read.
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar. “The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this_day of _, 19_’
C. If the testator is unable to sign his name because of a physical infirmity, the will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will, that he is unable to sign because of a physical infirmity, and shall then affix his mark at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: The testator has declared that he knows how to sign his name but is unable to sign his name because of a physical infirmity and he. has affixed his mark at the end and on each other separate page of this will and declared or signified in our presence that this is his last will and testament and in the presence of the testator and each other we have hereunto subscribed our names this_day of_, 19_.’ ”